IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WENDELL C.K. OKIMOTO, | ) | CIVIL NO. 15-00425 HG-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DISMISS PLAINTIFF'S |
| vs. | ) | COMPLAINT, DENY PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED |
| SOCIAL SECURITY ADMINISTRATION, | ) | WITHOUT PREPAYMENT OF FEES, |
| | ) | AND DENY PLAINTIFF'S REQUEST |
| Defendant. | ) | FOR APPOINTMENT OF COUNSEL |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT, DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, AND DENY PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL[1]

Plaintiff Wendell C.K. Okimoto, proceeding *pro se*, filed a Complaint on October 15, against the Social Security Administration.  ECF No. 1.  On the same day, Plaintiff filed an Application to Proceed Without Prepayment of Fees.  ECF No. 2.  After careful consideration, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint, DENY Plaintiff's Application to Proceed Without Prepayment of Fees, and DENY Plaintiff's Request for Appointment of Counsel.

BACKGROUND

Plaintiff alleges that he applied for Social Security Disability Insurance benefits on January 23, 2012.  ECF No. 1

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

¶ 6.  Plaintiff further alleges that Defendant "illegally denied" Plaintiff's application.  Id.  Plaintiff alleges that Defendant's denial of his application for benefits violated Plaintiff's rights under the First and Fourteenth Amendments.  Id. ¶ 10.  Plaintiff requests injunctive relief prohibiting Defendant from denying Plaintiff benefits, declaratory relief that Plaintiff is entitled to benefits, compensatory damages of $5,000,000, punitive damages of $5,000,000, and appointment of counsel.  Id. at 4.  Plaintiff's Application states that he is unemployed, receives an unspecified amount of "state assistance - welfare," and has assets of minimal value.  ECF No. 2 at 1-2.

DISCUSSION

**1.  The Court Recommends that Plaintiff's Complaint be DISMISSED.**

A court may authorize a litigant to proceed without prepayment of fees if the litigant submits an affidavit that includes a statement that the litigant is unable to pay the required fees.  28 U.S.C. § 1915(a)(1).  The court must subject each action commenced under 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating

that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Because Plaintiff is appearing pro se in this action, the Court must construe the Complaint liberally, in the light most favorable to the plaintiff, and accept all allegations of material fact as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(stating that pleadings filed *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers"). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Crowley v. Bannister, 734 F.3d 967, 977–78 (9th Cir. 2013). Construing Plaintiff's Complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff's claims must be dismissed.

Generally, the United States and its agencies have sovereign immunity from suit unless Congress expressly waives immunity by statute. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Kaiser v. Blue Cross of Cal., 347 F.3d 1107, 1117 (9th

Cir. 2003) ("The United States, including its agencies and its employees, can be sued only to the extent that it has expressly waived its sovereign immunity."); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities.").

The Social Security Act waives sovereign immunity only for limited judicial review of the Social Security Administration Commissioner's "final decisions" made after a hearing.  See 42 U.S.C. §§ 405(g), (h).  Specifically, under Section 405(g), an individual may obtain judicial review of a "final decision" by filing a civil action "within sixty days after the mailing to him of notice of such decision."  See 42 U.S.C. § 405(g).  Section 405(h) bars all other claims brought under the Social Security Act, including claims that are "inextricably intertwined" with a claim for Social Security benefits or if the "substantive basis" of the claim is the Social Security Act.  See id.; Heckler v. Ringer, 466 U.S. 602, 614-15 (1984); Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000) (noting that § 405(h) bars federal question jurisdiction "where an individual seeks a monetary benefit from the agency . . . , the agency denies the benefit, and the individual challenges the lawfulness of that denial . . . irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory,

constitutional, or other legal grounds"); Kaiser, 347 F.3d at 1111-12 (finding Section 405(h) bars claim for damages based on denial of benefits).

First, although it is not entirely clear from the Complaint, it appears that Plaintiff may be attempting to assert a claim appealing the decision to deny his application for benefits.  To the extent Plaintiff is attempting to appeal any final decision, the proper defendant is the Commissioner of Social Security, not the Social Security Administration.  See 42 U.S.C. § 405(g).  If Plaintiff wishes to appeal a final decision of the Commissioner, he must demonstrate that he has complied with the requirements of Section 405(g), including the time limit for filing an action "within sixty days after the mailing to him of notice of such decision" after a hearing.  See 42 U.S.C. § 405(g).  In the Complaint, Plaintiff states that he filed his Social Security benefits application on January 23, 2012, more than three years before he filed the present Complaint.  See ECF No. 1 ¶ 6.  There are no allegations in the Complaint that Plaintiff had a hearing regarding his denial of benefits and no allegations regarding a final decision of the Commissioner.  The Court is without sufficient information to make a determination at this time regarding the sufficiency of Plaintiff's claim under Section 405(g).  However, Plaintiff should be allowed an opportunity to amend this claim because he may be able to allege

sufficient facts to support a claim appealing a decision to deny his application for benefits.  See Lucas, 66 F.3d at 248.  Accordingly, the Court recommends that the district court DISMISS Plaintiff's claim appealing the decision to deny his application for benefits with leave to amend.  If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten on the court-approved form, and may not incorporate any part of the original Complaint by reference.  See LR 10.3.

Second, Plaintiff asserts that Defendant's decision to deny his benefits violated his constitutional rights and asks for compensatory damages of $5,000,000 and punitive damages of $5,000,000.  Plaintiff's constitutional and damages claims are based on the denial of his benefits.  Because the Social Security Act provides the "substantive basis" for Plaintiff's constitutional and monetary damages claims and his claims are "inextricably intertwined" with his claim for benefits, Section 405(h) bars subject matter jurisdiction over those claims.  Ringer, 466 U.S. at 614-15.  Accordingly, the Court recommends that the district court DISMISS these claims with prejudice.

**2. The Court Recommends that Plaintiff's Application to Proceed without Prepayment of Fees be DENIED.**

Because the Court finds that the Complaint is deficient, the Court also recommends that Plaintiff's Application

to Proceed Without Prepaying Fees be DENIED and that Plaintiff be given leave to file another Application if he chooses to file an amended complaint.

**3.  The Court Recommends that Plaintiffs' Request for Appointment of Counsel Be DENIED.**

The court may only designate counsel to represent an indigent civil litigant in certain exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); 28 U.S.C. § 1915(d).  In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims in light of the complexity of the legal issues involved.  Terrell, 935 F.2d at 1017.  Both factors weigh against appointing counsel in this case.  Although Plaintiff may be able to file an amended complaint that sufficiently alleges a claim appealing the decision to deny his application for benefits, Plaintiff does not provide any information in his Complaint that would indicate his likelihood of success on the merits.  Additionally, based on Plaintiff's Complaint, the facts and issues in this case do not appear to be complex.  Plaintiff's Complaint, although legally deficient, indicates that he can express his claims adequately.  The Court concludes that there are no exceptional circumstances justifying the appointment of counsel at this time.  Accordingly, the Court recommends that Plaintiff's Counsel Request be DENIED.

7

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the district court:

1. DISMISS Plaintiff's claim appealing the decision to deny his application for benefits with leave to amend;

2. GRANT Plaintiff leave to file an amended complaint regarding Plaintiff's claim appealing the decision to deny his application for benefits no later than thirty days from the district court's adoption of this Findings and Recommendation;

3. DISMISS Plaintiff's constitutional and monetary damages claims with prejudice;

4. DENY Plaintiff's Application to Proceed Without Prepaying Fees with leave to file another Application if he chooses to file an amended complaint; and

5. DENY Plaintiff's request for appointment of counsel.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, OCTOBER 22, 2015.

Richard L. Puglisi
United States Magistrate Judge

**OKIMOTO V. SOCIAL SECURITY ADMIN., CIVIL NO. 15-00425 HG-RLP; FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT, DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, AND DENY PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**